UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

R & R MOTORSPORTS, LLC     CIVIL ACTION

VERSUS          NO:  21-2014

TEXTRON SPECIALIZED      SECTION: "S" (4)
VEHICLES, INC., ET AL

ORDER AND REASONS

  **IT IS HEREBY ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** filed by defendant, Textron Specialized Vehicles (Rec. Doc. 22) is **GRANTED**, and plaintiff's state law claims against it are **DISMISSED** with prejudice as prescribed;

  **IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** filed by defendant, Bass Pro Outdoor World, LLC (Rec. Doc. 30) is **GRANTED**, and plaintiff's state law claims against it are **DISMISSED** with prejudice as prescribed.

BACKGROUND

  The following facts are excerpted from the Complaint and First Amended Complaint, which the court accepts as true when considering a motion under Federal Rule 12(b)(6).

  Plaintiff, R&R Motorsports ("R&R"), is engaged in the business of selling and repairing all-terrain vehicles ("ATVs"), personal transport vehicles ("PTVs"), and similar small transport vehicles throughout southern Louisiana and Mississippi. On January 1, 2018, R&R contracted

with Textron, a manufacturer and provider of ATVs, to become a dealer and servicer of Textron products, parts, and accessories, including off-road ATVs and other vehicles, such as Textron's Arctic Cat off-road line, and EZGO PTVs and low-speed vehicles. Following the agreement, in or around late summer 2018, R&R began having difficulties obtaining inventory purchased and ordered through Textron. As a result, R&R's sales of Textron products began to rapidly decline. Thereafter, in the fall of 2018 (normally R&R's busiest season) products and parts ordered by R&R through Textron were continually delayed. As a result, many R&R customers began cancelling their orders of Textron products through R&R.

In January 2019, several months after R&R began experiencing difficulties obtaining Textron products, Textron announced a partnership with Bass Pro Outdoor World ("Bass Pro"), in which Bass Pro would carry Textron products lines, including off-road ATVs. In the early summer of 2019, R&R discovered that Bass Pro was selling Arctic Cat ATVs, a Textron product line sold and serviced by R&R, with TRACKER OFF ROAD labels on them. Bass Pro was selling the ATVs retail for prices lower than R&R was able to purchase them from Textron. Textron alleges that through this arrangement, Textron colluded with Bass Pro to eliminate Textron's local dealer network, including R&R. An attempt by R&R to salvage its business relationship with Textron was unsuccessful, and on September 6, 2019, R&R terminated its agreement with Textron.

On November 2, 2021, R&R, invoking the diversity jurisdiction of this court, filed the instant suit against Textron and Bass Pro, alleging violations of Louisiana's antitrust law, La. R. S. 51:122, and the Louisiana Unfair Trade Practices Act, La. R. S. 51:1409, et seq.

Textron and Bass Pro have both moved for dismissal under Federal Rule 12(b)(b), arguing that the claims are prescribed, and that the allegations fail to state a claim upon which relief can be granted. R&R opposes, contending that it has alleged a continuing tort that has not prescribed, and that its claims are adequately pleaded.

## DISCUSSION

### *Rule 12(b)(6) Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  "To survive a Rule 12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true.  Iqbal, 556 U.S. at 678.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley

Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).  However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims."  Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

A party may raise a statute of limitations defense in a motion to dismiss for failure to state a claim. Jones v. Bock, 549 U.S. 199, 215 (2007); Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 141 (5th Cir. 2007).

### Prescription

Generally, the party raising a prescription argument bears the burden of proving its application. Roane v. Jones, 116 So. 3d 700, 707 (La. Ct. App. 2013) (citing McKinley v. Scott, 17 So. 3d 81 (La. Ct. App. 2009)). However, when a defendant "shows that the petition is prescribed on its face, the plaintiff bears the burden of proving [that] the prescriptive period has been suspended, interrupted or renounced." Wilhike v. Polk, 999 So. 2d 83 (La. Ct. App. 2008) (citing Lima v. Schmidt, 595 S.2d 624 (La.1992)).

### Louisiana Antitrust Law claims

Title 51, section 122, et seq. of the Louisiana Revised Statutes is a counterpart to section 1 of the Sherman Antitrust Act. The U.S. Supreme Court's interpretation of the Sherman Act provides guidance in interpreting Louisiana's state statutes. Louisiana Power and Light Company v. United Gas Pipe Line Company, 493 So. 2d 1149 (La.1986). "Generally, an antitrust cause of action accrues when a defendant commits an act which injures a plaintiff's business." State ex rel.

4

Ieyoub v. Bordens, Inc., 684 So. 2d 1024, 1026–28 (La. App. 4 Cir. 11/27/96), writ denied, 690

So. 2d 42 (La. 1997). However, "the continuing conspiracy or continuing violation exception . . .

allows a cause of action to accrue whenever the defendant commits an overt act to further the

antitrust conspiracy. . . . Id. (citing Kaiser Aluminum & Chemical Sales, Inc. v. Avondale

Shipyards, Inc., 677 F.2d 1045 (5th Cir.1982); Zenith Radio Corp. v. Hazeltine Research, Inc.,

401 U.S. 321 (1971).

    "However, continuing conduct within the limitations period which merely furthers the

initial antitrust violation does not prevent the running of the statute of limitations." United

Farmers Agents Ass'n, Inc. v. Farmers Ins. Exch., 892 F. Supp. 890, 912 (W.D. Tex. 1995), aff'd,

89 F.3d 233 (5th Cir. 1996) (citing Al George, Inc. v. Envirotech Corp., 939 F.2d 1271, 1275

(5th Cir.1991)). Rather, suit "must be based on some injurious act actually occurring during the

limitations period, not merely the abatable but unabated inertial consequences of some

pre-limitations action." TCA Building Co. v. Northwestern Resources, 861 F. Supp. 1366,

1377–78 (S. D. Tex.1994) (citing Kaiser, 677 F.2d at 1051 and Poster Exchange Inc. v. National

Screen Service Corp., 517 F.2d 117, 128 (5th Cir.1975)). "In other words, it is not enough to

show that an anticompetitive agreement was still in existence during the limitations period; the

plaintiff must allege in addition that the defendant took some action in furtherance of the illegal

agreement within the limitations period." Delta Produce, L.P. v. H.E. Butt Grocery Co., 2013

WlL 12121118 (W. D. Tex. 2013). "[A] victim does not have a new cause of action if, within the

limitations period, a violator collects payments on an illegal contract executed outside the

limitations period that established with finality "the rights and liabilities of [the] parties [to the

5

contract]." <u>Kaiser</u>, 677 F.2d at 1053. Further, commission of a new overt act within the limitations period does not allow the plaintiff to recover for prior acts beyond the limitations period. <u>Love v. Nat'l Med. Enterprises</u>, 230 F.3d 765, 773 (5th Cir. 2000) (citation omitted).

In the instant case, plaintiff acknowledges that its complaint is facially prescribed because it terminated its relationship with Textron in September 2019, after it learned earlier in the year of Textron's relationship with Bass Pro. However, plaintiff argues that its claims are not prescribed because they are premised on a continuing tort. Specifically, plaintiff argues that Textron "continues to allow Bass Pro to purchase and/or sell at the retail level [Textron's] product lines at a discount price, while requiring Plaintiff to purchase the same product lines at a price higher than the retail value offered by Bass Pro. Each and every instance of such action cause damage to Plaintiff. . . ."[1] As a result, plaintiff maintains that prescription has not yet begun to run, because it runs "from the date of the last act, which has not yet occurred."[2]

The conduct complained of by plaintiff – Textron and Bass Pro continuing their commercial relationship on the terms established in 2019 – is conduct "which merely furthers the [alleged] initial antitrust violation [and thus] does not prevent the running of the statute of limitations." <u>See</u> <u>Al George, Inc.</u>, 939 F.2d at 1275. The sales made under the 2019 contract are not new, overt acts, they are the abatable but unabated consequences of pre-limitations actions, i.e. the 2019 agreement. As in Kaiser, Textron's continued collection of payments under the 2019

---

[1] Plaintiff's Opposition Memorandum,  Rec. Doc. 29, 8.

[2] <u>Id.</u>

agreement does not create a new cause of action, and any subsequent transactions flowing from

the 2019 agreement do not provide a basis to extend the limitations period in this case.

***Louisiana Unfair Trade Practices Act ("LUTPA")***

Louisiana Revised Statutes § 51:1409(E) provides that an action under LUTPA "shall be

subject to a liberative prescription of one year running from the time of the transaction or act

which gave rise to this right of action."

In connection with its LUTPA claim, plaintiff again contends that it suffered a

continuing violation for which prescription has not run. Similar to the antitrust context, courts

interpreting the continuing torts doctrine in connection with LUTPA have observed that "'[a]

continuing tort is occasioned by [ongoing] unlawful acts, not the continuation of the ill effects of

an original, wrongful act.'" Caldwell Wholesale Co., L.L.C. v. R J Reynolds Tobacco Co., 781 F.

App'x 289, 294 (5th Cir. 2019) (quoting Crump v. Sabine River Auth., 737 So. 2d 720, 728 (La.

1999)). " 'The continuous conduct contemplated in a continuing tort must be tortious and must be

the operating cause of the injury.' " Id. (quoting Crump, 737 So. 2d at 729 n.7).

The tortious conduct alleged in the complaints in this case is as follows:

> both Textron and Bass Pro Shops colluded in an effort to offer Textron ATVs and
> SXSs at a retail price significantly lower than the cost offered by Textron to its
> local Louisiana dealers, including R&R, thereby eliminating or restraining the
> ability of R&R to continue to sell Textron product lines at a retail level. Such
> actions are unfair, unethical, and substantially injurious, and as such, are
> violations of LUPTA.[3]

Plainly, the alleged unethical behavior is the collusion that took place on the date the agreement

---

[3] Complaint, ¶ 36; see also Amended Complaint, ¶ 12.

was entered into between Textron and Bass Pro, in 2019. The complaints do not allege any continuing tortious activity. The tortious activity is the alleged collusion, and any subsequent sales are a continuation of the ill effects of that alleged act. The subsequent sales are not the "operating cause" of the injury, and the complaints do not allege a continuing tort. The LUTPA claim is therefore prescribed.

***Unalleged Sherman Act claim***

While plaintiff did not elect to seek a remedy under the Sherman Antitrust Act in either of its complaints, in opposing the motions to dismiss it has suggested that pursuant to Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint include only "a short and plaint statement of the claim showing that the pleader is entitled to relief," the court can infer plaintiff has made such a claim. The court observes that in pleading the Louisiana antitrust claim, R&R explicitly asserted that the Louisiana law mirrored section 1 of the federal Sherman Antitrust Act, 15 U.S.C. § 1, et seq., but did not assert any claims under the Sherman Act. This, coupled with the fact that R&R invoked diversity rather than federal question jurisdiction, indicate that R&R did not intend to elect a remedy under the Sherman Act. Further, "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." Becnel v. St. Charles Par. Sheriff's Off., 2015 WL 5665060, at *1 (E.D. La. Sept. 24, 2015) (quoting In re Enron Corp Sec., Derivative & ERISA Litig., 761 F. Supp.2d 504, 566 (S.D. Tex. 2011) (citing cases)). Accordingly, the court finds that plaintiff's complaints fail to state a claim under the Sherman Act.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** filed by defendant, Textron Specialized Vehicles (Rec. Doc. 22) is **GRANTED**, and plaintiff's state law claims against it are **DISMISSED** with prejudice as prescribed;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** filed by defendant, Bass Pro Outdoor World, LLC (Rec. Doc. 30) is **GRANTED**, and plaintiff's state law claims against it are **DISMISSED** with prejudice as prescribed.

New Orleans, Louisiana, this  6th  day of June, 2022.

_____

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**
